**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| LEE ROBBINS, | * | |
| | * | |
| Claimant, | * | |
| | * | |
| vs. | * | CASE NO.  3:05-CV-2 (CAR) |
| | * | |
| JO ANNE B. BARNHART, | * | |
| COMMISSIONER OF | * | |
| SOCIAL SECURITY, | * | |
| | * | |
| Defendant. | * | SOCIAL SECURITY APPEAL |
| _____ | * | |

**REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and she seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

authority given in the Social Security Act.  20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a five-step procedure.  20 C.F.R. § 404.1520, Appendix 1, Part 404.  First, the Commissioner determines whether the claimant is working.  Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations.  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

### ISSUES

I.   **Whether the ALJ erred in determining the severity of the Claimant's impairments?**

II.  **Whether the ALJ properly developed the record as to the medical evidence in this case?**

**DISCUSSION**

**Administrative Proceedings**

Claimant filed an application for supplemental security income on September 13, 2001. (R-59). Claimant's application was denied initially and upon reconsideration. The Claimant then requested a hearing in front of an administrative law judge (ALJ) which was held on November 10, 2003. (R- 209-232). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated December 12, 2003. (R- 22-25). Claimant requested review of the ALJ's finding by the Appeals Council which allowed the Claimant to submit new evidence for review. (R- 5). The Appeals Council thereafter denied review on January 7, 2005, making the ALJ's decision the final decision of the Commissioner.

**Statement of Facts and Evidence**

The Claimant filed for supplemental security income alleging that she was disabled due to dizziness, headaches, stomach pains, high blood pressure and back pain. (R- 73). The Claimant further claimed disability due to swelling legs and kidney stones. (R- 31). In the ALJ's decision, it was determined that Claimant was not working, but that she did not have a condition or combination of conditions which would be considered severe. (R- 23). The ALJ found that, based on the testimony at the hearing held on November 10, 2003, the Claimant did have female issues and that she needed a hysterectomy to resolve the problem. (R- 24). Thus, the ALJ found that Claimant was not disabled within the meaning of the Regulations. *Id.*

**I.     Did the ALJ err in determining that the Claimant's impairments were not severe?**

The Claimant argues that the ALJ erred in failing to find that she suffers from a severe impairment, namely dysfunctional uterine bleeding. (Claimant's Brief, p. 7). The Claimant contends that, as is required at Step Two of the sequential disability analysis, she has met her burden of establishing that her uterine impairment is severe. *Id.* She supports her contention by stating that the only physician who treated her found the dysfunctional uterine bleeding to cause significant and that nothing in the record disputes Dr. Kelly's finding from 1998.

A review of the record reveals that the Claimant alleges that her impairments first began to bother her in 2000. (R- 73). However, the Claimant's original application for social security disability on September 13, 2001, fails to even mention the "female problems" she alluded to in the administrative hearing and her brief. The Claimant specifically refers to medical evidence from Dr. Robert E. Kelly, her treating physician, wherein he states on October 26, 1998, that she was suffering from dysfunctional uterine bleeding and uterine fibroids. (R- 132). The treatment notes state that the Claimant chose to continue receiving birth control shots rather than proceed with surgery that had been earlier and repeatedly recommended. *Id.* That information, along with the other treatment notes provided by Dr. Kelly, however supportive they may be, occurred during the time in which the Claimant was still working. In fact, per her own statement, the Claimant continued to work through August of 2001. (R- 73).

The evidence further shows that during the hearing, the ALJ questioned the Claimant

as to why she eventually left her employment as a dishwasher. (R- 215).  She responded by stating that she left her job with the University of Georgia because she was having "a lot of dizziness, headaches, and stomach pains, back pains and stuff like that" but again fails to mention her uterine disorder. *Id.*  It was then that she responded when asked about possible other symptoms, that she was having irregular menstrual periods and heavy bleeding. *Id.* at 216.  Other evidence from the time period relevant to the ALJ's decision includes emergency room notes from the St. Mary's Hospital in 2002, show that the Plaintiff was diagnosed with menometrorrhagia, anemia and probable uterine fibroids. (R- 181).

Although the Claimant states that the ALJ erred in "miss-applying Step 2 of the sequential analysis and determining that Ms. Robbins' impairments are not severe", this court disagrees.  As is noted above, Step 2 requires the Commissioner to determine whether the claimant has an impairment which prevents the performance of basic work activities; i.e. whether the Claimant has any severe impairments.  The Claimant argues that the ALJ's statement that upon reconsideration of her claim, the Claimant had failed to show that she had a condition or combination of conditions severe enough to be considered disabling was improper.  That statement, however, was merely a recitation of the finding of the Social Security Administration office upon her filing a request for reconsideration. (R- 126).  The next statement in the ALJ's decision reflects her finding  that "the evidence does not show there is an impairment that would exclude most work-related activities." (R- 23).  Thus, the record reveals that the ALJ utilized the proper standard for determining that the Claimant was

not disabled at Step 2 of the sequential analysis.  Therefore, although the Claimant argues that the ALJ erred in failing to find that she suffered from a severe impairment, this court finds no error in her decision.  Accordingly, it is found that the ALJ applied the appropriate legal standards in determining the severity of Claimant's impairments, and the decision is supported by substantial evidence.

**II.     Whether the ALJ properly developed the record as to the medical evidence in this case?**

In her second enumeration of error, the Claimant argues that the ALJ failed to properly develop the record by ordering a consultative examination. (Claimant's Brief, p. 8-9).  She further argues that the ALJ erred in failing to allow her a full thirty days from the date of the hearing in which to submit additional medical records. *Id.* at 9.

The record reveals that during the hearing on November 10, 2003, the Claimant testified that she was having uterine difficulties and seemed unsure of her medical history. (R- 211-231).  The Claimant's attorney seemed unsure of the Claimant's medical history as well, especially in regard to what surgical procedures she may have undergone.  The Claimant mentioned that she would know more after an appointment she had at the Medical College of Georgia in Augusta, Georgia on November 25, 2003. (R-218).  At the Claimant's attorney's request, the ALJ held open the record for thirty days following the November 25 appointment so that she would be better able to determine if the condition was treatable. (R-231).

On December 12, 2003, the ALJ submitted her final decision, finding that the

Claimant was not disabled. The Claimant argues that this is reversible error because she was not allowed to develop the medical record as was originally allowed by the ALJ. (Claimant's Brief, p. 9). She argues that she should have been allowed the full thirty days in which to submit additional medical evidence. However, although the ALJ did submit her decision earlier than was agreed upon, a review of the record reflects that in her request for review by the Appeals Council following the ALJ's denial of her claim, the Claimant never submitted any additional evidence from November 13, 2003 through December 25, 2003. In fact, the only evidence, all of which was allowed to be submitted to the Appeals Council, was dated from July to October of 2002, and then jumped to August of 2004. Thus, there could be no reversible error in the judge's failure to wait the full thirty days to effect her findings, as there would have been no additional evidence submitted in that period.

As to the Claimant's argument that the ALJ erred in failing to procure a consultative examination of the Claimant prior to rendering her ultimate findings, the court disagrees. The Claimant is correct in citing the holding in *Reeves v. Heckler*, wherein the Eleventh Circuit Court of Appeals held that "it is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." *See, Reeves v. Heckler*, 734 F. 2d 519, 522 n.1 (11th Cir. 1984). However, the court has also stated that although it is the ALJ's duty to develop the record,

> "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim. *See* 20 C.F.R. § 416.912(a) (stating that "[claimant] must furnish medical and other

8

> evidence that we can use to reach conclusions about your medical impairment(s)"); 20 C.F.R. § 416.912(c) (stating "[y]our responsibility. You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say you are disabled")."

*Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).   Thus, it was first and foremost up to the Claimant to establish that she has a disabling impairment or set of impairments. It is of note that a psychological consultative examination of the Claimant was scheduled. (R-124). The record reveals that the Claimant called the Social Security Administration office to ask what the examination's purpose was. *Id.*  She was told it was a psychological examination. *Id*.  Upon hearing the purpose of the examination, the Claimant stated that she had no mental or emotional problems and asked to cancel the testing as it had nothing to do with her disability. *Id.*

After a thorough review of the evidence, it is found that the Claimant's contention that the ALJ committed reversible error in failing to order a consultative examination is without merit.

## CONCLUSION

Based on the evidence presented, no basis is found for the Claimant's contentions that the ALJ committed error as the determinations made were completely within her judicial discretion.   Furthermore, the record fails to reveal any evidence that the ALJ acted outside of her judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this Recommendation.

THIS the 13th Day of July, 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

swe